Green, J.,
delivered the opinion of the court.
The prisoner was indicted in the criminal court of Davidson county. The first count of the indictment charges, that the said Dan, a negro, made an assault upon Adelia J. Hughlett, a white female, with an intent to have carnal knowledge of her against her will and consent.
The second count charges, that the said Dan, being a negro made an assault upon the said Adelia J. Hughlett, a white female, and felonously did ravish and carnally know her.
The third count charges, that the said Dan, a negro, did make an assault upon Adelia J. Hughlett, a white female child, under the age of ten years, and did then and there felonously and violently carnally know and abuse her.
The jury found a verdict of guilty generally, and on motion, the court arrested the judgment, and the Attorney General, in behalf of the State, appealed to this court.
The only question in this case is, whether the offence charg *161 ed in the third count of the indictment is properly joined with the first and second counts.
The crime of rape, and that of the carnal knowledge and abuse of a woman child under the age of ten years, have always been considered and held to be separate and distinct offences. They were so treated at the common law, and also by the several British statutes on the subject; 4 Black. Com. 210. And our own statutes so treat them, as will be seen by the 13th 14th and 15th sections of our act of 1829, chap. 23. These offences being distinct, the inquiry arises, is there any law in this State that makes the carnal knowledge and abuse of a child under ten years, punishable by death ?
By the statute of 13th Elizabeth, chap. 7, this offence is made felony, without benefit of clergy, and of course, punishable with death. But our act of 1819, chap. 35, sec. 1, provides that “ murder, arson, rape, burglary and robbery, shall, when committed by a slave or slaves, be deemed capital of-fences, and be punished with death, and all other offences shall be punished as heretofore. Provided, that the punishment in no case shall extend to life or limb, except in the cases above enumerated.”
This act abolishes the punishment of death for all offences, except to those enumerated, and the carnal knowledge and abuse of a woman child under ten years, not being one of the offences enumerated, it follows, that after that statute, the commission of this offence by a slave is not capital, unless it be made so by some subsequent statute.
The act of 1833, chap. 75, sec. 1, provides that, “If any negro or mulatto, whether bond or free, shall make an assault upon a white woman, with intent to commit a rape, and use violence to her person, such negro or mulatto, for such offence, shall suffer death by hanging.” And the act of 1835, chap. 19, sec. 10, provides,“ that if a slave assault a free white wo-. *162 man with intent to commit a rape, he shall be punished with death by hanging.”
The act of 1842, chap. 123, enacts : “ That the words or term, ‘ white woman,’ used and expressed in said act, (1833, chap. 75,) shall extend to and include all and every white female, and if any negro or mulatto, whether bond or free, shall make an assault with violence or force upon any white female, with intent to have carnal knowledge or sexual intercourse with such white female against her consent, such negro or mulatto shall, on conviction for said offence, suffer death by hanging.”
Neither of these acts embrace the case under consideration - The acts of 1833, and the act of 1835, are made to punish an assault with intent to commit a rape. The only difference in these acts being, that by the act of 1833, free negroes as well as slaves, are included, and the words “white woman,”' only are used, and the act of 1835, mentions slaves only, and used the words “ free white woman.”
The act of 1842, only has the effect of giving a more extended significance to the words “ white woman,” used in the acts of 1833 and 1835, so that an assault made upon any white female, by a negro, violently and against her consent, to have sexual intercourse with her, is a capital offence. The first count in this indictment is framed upon the very words of the act of 1842.
The second count is for a rape. These two offences are well charged, under the act of 1842, and the acts of 1819 and 1849 — and arejproperly joined. But the third count, for carnal knowledge and abuse of a female child under ten years of age, is not framed under any one of these statutes, nor is the of-fence provided for in either of them.
The only other statute upon this subject is the act of 1849, chap. 114. That act provides, “ That any free negro, or free *163 mulatto, who shall commit rape “upon a-free white female, shall suffer death by hanging.”
The charge in the third count of this indictment does not fall under the provisions of this statute, for these reasons. The statute is made expressly to apply to free negroes alone. This indictment only alleges that the prisoner is a negro. It does not follow that he is a free negro, as a matter of course, but on the contrary, being a negro, the presumption in this State is that he is a slave. It is necessary, therefore, to allege in the indictment, under this statute, that the defendant is a free negro.
2. This act of 1849 also creates: the penalty for a rape on a free white female. This indictment alleges only that the party injured is a white female.
3. The act of 1849, declares, that the penalty of death shall be inflicted on a free negro, who shall commit a rape on a free white female. The crime charged in the third count is not a rape. “Rape,” says Blackstone, (vol. 4, p. 210,) “is the carnal knowledge of a woman forcibly, and against her will.”
This definition of rape is given in the exact words of Blackstone, in our act of 1829, chap. 23, sec. 13. But the crime of carnally knowing and abusing a woman child under ten years of age, is entirely a different offence from rape. So it is treated in all the books, and so our Legislature.regard it; for after defining rape, in the 3 3th sec. of the act referred to, the 14th see. declares the punishment for rape, and the 15th section describes the offence of carnally knowing and abusing a female child under ten years of ages, and affixes the penalty.
The indictment in this case is framed in the third count almost in the words of the act of 1829, sec. 15. But that act does not apply to slaves ; first, because the punishment is by confinement in the penitentiary; and second, because the 69th section expressly excepts slaves out of the provisions of the act.
*164 Erom what has been said, it follows that the offence charged in this third court, having been expressly excluded from the catalogue of capital crimes committed by slaves, by the act of 1819, and not having been made capital by any subsequent statute, it is not at this time, by our law, a capital offence for a slave to carnally know and abuse a female child under ten years of age.
It is a singular omission of the Legislature on the subject, and will doubtless be promptly supplied by the General Assembly.*
We think the third count was improperly joined with the first and second counts of this indictment, and that his Honor, the judge of the criminal court, did not err in arresting the judgment.
Affirm the judgment.

 Vid. Act of 1852, chap. 174, sec. 2, passed after this opinion was delivercd. — Rep.